UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                          CASE NO. 6:23-cr-183-RBD-EJK

CHRISTOPHER W. JOHNSON
_____/

### ORDER

This cause comes before the Court on the United States' Unopposed Motion for Reconsideration (the "Motion") (Doc. 186), filed July 2, 2024. Upon consideration, the Motion is due to be denied.

On June 14, 2024, upon Defendant Christopher Johnson's request, the Court appointed Dr. Tracey Henley, Psy.D. ("Dr. Henley") to conduct a second competency examination of Defendant. (Doc. 178.) The United States did not object to the request. (*See id.*) Thus, Dr. Henley was appointed to "render an opinion regarding [Defendant's] competency to proceed to trial." (*Id.* at 1.) In light of this appointment, the undersigned directed the U.S. Department of Justice to pay for Dr. Henley's services, despite Defendant's representation that he would seek CJA funds. (*Id.*) The United States now moves for reconsideration of the undersigned's June 14, 2024 Order to the extent it requires the United States to pay for Dr. Henley's services. (Doc. 186.)

Reconsideration of a court order is an extraordinary remedy and power that should be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee*

*Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993); *see also Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (unpublished) (noting the Supreme Court has permitted motions for reconsideration in criminal cases in certain circumstances). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). To that end, courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

The Government has not satisfied any of the three grounds justifying reconsideration. As the Government recognized in its Motion, when competency is at issue, the Government is typically responsible for the payment of expert related services pursuant to 18 U.S.C. § 4241. (Doc. 186 at 5.) Here, the Government did not object to the Court appointing Dr. Henley for a second competency evaluation nor did the Court appoint Dr. Henley to be a defense witness. Dr. Henley will not be assisting Defendant in preparing his case; rather, Dr. Henley will be assisting the Court in determining whether Defendant is competent to stand trial. Additionally, the undersigned directed the parties to confer on a second competency expert, and Dr. Henley was agreed upon by both

parties. Finally, at no time did the Government inform the Court that Dr. Henley was to be a defense expert. Therefore, the Government's categorization that Dr. Henley was appointed as a defense expert is not supported by the record.

Accordingly, it is **ORDERED** that the United States' Unopposed Motion for Reconsideration (Doc. 186) is **DENIED**. Defendant Christopher Johnson's Motion to Authorize Funds for Expert Assistance (Doc. 197) is **DENIED AS MOOT**, in light of this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 29, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE